IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **SIXTH PRELIMINARY** |
| | ) | **ORDER OF FORFEITURE** |
| BARRON SLOAN HENDERSON, | ) | |
| | ) | **BY SUBSTITUTION OF PROPERTY** |
| | ) | |
| Defendant. | ) | |

As a result of the guilty plea of the defendant to the violations stated in the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. §§ 981, 982, 1955, and 2461(c), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information; the defendant's guilty plea; the Consent Order and Judgment of Forfeiture of the defendant; the Motions by the United States for the First, Second, Third, Fourth, Fifth, and Sixth Preliminary Orders of Forfeiture; the entry by the Court of the First, Second, Third, Fourth, and Fifth Preliminary Orders of Forfeiture; the entry by the Court of the First, Second, and Third Final Orders of Forfeiture; that the defendant has an interest in the below-described property which, pursuant to 21 U.S.C. § 853(p)(1)(A), (B), and (E) and Fed. R. Crim. P. 32.2(e), is now subject to forfeiture as substitute property for a portion of the Court's original Order of a money judgment of criminal proceeds.

It is therefore **ORDERED**:

1. Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) providing for the forfeiture of substitute property, the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

> (a) 140 Shadow Lane, Lyman, South Carolina, being lots 74 and 75 of the Lettie Henson Estate, 4.9 acres, more or less, as described in a deed at Page 65Z, Page 311, of the Land Registry of Spartanburg County, South Carolina;
>
> (b) 211 Shadow Lane, Lyman, South Carolina, being lot 12, Stanley L. & Lorraine T. Clippinger, being 1.34 acres, more or less, as described in a deed at Page 85B, Page 815, of the Land Registry of Spartanburg County, South Carolina;
>
> (c) Unit 709, Brighton at Kingston Plantation, 8560 Queensway Boulevard, Myrtle Beach, South Carolina, as described in a deed at Page 2739, Page 0293, of the Land Registry of Horry County, South Carolina;
>
> (d) East side of Pine Ridge Road, real property at, Duncan, South Carolina, being 16.52 acres, more or less, as described in a deed at Page 88U, Page 897, of the Land Registry of Spartanburg County, South Carolina.

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. In lieu of newspaper publication, the government may publish notice on the internet as permitted by law. The United States may also,

to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

7. Upon sale or disposal of the property, the United States shall report the value of the property to the Court. The Court shall then enter such adjustments as are necessary to the money judgment previously entered in this case

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 14th day of January, 2010.

_____
THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE