IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF: )<br>)<br>Petition of Julie Maybry Henderson )<br>)<br>)<br>)<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>BARRON SLOAN HENDERSON, )<br>Defendant )<br>) | CASE NO. 1:07CR106 |

## CONSENT ORDER FOR THIRD PARTY PETITION

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Petitioner Julie Maybry Henderson, Petitioner Wells Fargo Home Mortgage, Inc., and First Citizen's Bank and Trust Company (collectively referred to as "Petitioners"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The United States of America, Petitioner Julie Maybry Henderson, and Petitioner Wells Fargo Home Mortgage, Inc., do hereby stipulate and agree to compromise and settle their interests in the following real property (the "Subject Properties") covered by the Sixth Preliminary Order of Forfeiture by Substitution of Property

(Dkt. 193, 250)[1]:

    (a)     140 Shadow Lane, Lyman, South Carolina, being lots 74 and 75 of the Lettie Henson Estate, 4.9 acres, more or less, as described in a deed at Page 65Z, Page 311, and in a deed at Book 75G, 470, of the Land Registry of Spartanburg County, South Carolina;

    (c)     Unit 709, Brighton at Kingston Plantation, 8560 Queensway Boulevard, Myrtle Beach, South Carolina, as described in a deed at Page 2739, Page 0293, of the Land Registry of Horry County, South Carolina;

    (d)     East side of Pine Ridge Road, real property at, Duncan, South Carolina, being 16.52 acres, more or less, as described in a deed at Page 88U, Page 897, of the Land Registry of Spartanburg County, South Carolina.

The Government and Petitioners advise the Court that they have engaged in discussions about the Subject Property for the purposes of determining whether Petitioners satisfy 21 U.S.C. § 853(n)(6)(B). Through these discussions, the parties have determined the FOLLOWING FACTS for the purpose of this Consent Order:

1. Barron Sloan Henderson pled guilty in December 2007 to conducting, financing, managing, supervising, and directing an illegal gambling business in violation of 18 U.S. Code Sections 1955 and 2 and conspiracy to commit money laundering in violation of 18 U.S. Code Sections 1956(h). A Consent Order and Judgment of Forfeiture was entered on December 11, 2007. [Doc #40] The Sixth Preliminary Order of Forfeiture by Substitution of Property included the Subject Properties and was filed on January 15, 2010. [Doc #193]

---

[1] The property designated as (b) in the Order of Forfeiture, known as 211 Shadow Lane, has already been released by Order of the Court. [Doc #216]

2. Petitioner Julie Maybry Henderson filed a petition for her interest in the Subject Properties under 21 USC 853(n)(2) on February 8, 2010. [Doc #194] Her Petition has never been adjudicated. Petitioner Julie Maybry Henderson was not involved in the criminal enterprise of the Defendant Barron Sloan Henderson.

3. Petitioner Wells Fargo Home Mortgage filed a petition for its interest in 140 Shadow Lane under 21 USC 853(n)(2) on July 6, 2010. [Doc #209] Its Petition has never been adjudicated.

4. First Citizen's Bank and Trust Company has not filed a petition in this matter.

5. Petitioner Julie Maybry Henderson married the Defendant on December 17, 1988. They have two children, both over the age of 18.

6. Petitioner Julie Maybry Henderson owns a legal interest in the subject properties by virtue of their initial purchase by Julie Maybry Henderson and Defendant Barron Sloan Henderson as husband and wife.

    a. Julie Maybry Henderson and Barron Sloan Henderson purchased Lot 74 of the Lettie Henson Estate, comprising 2.314 acres at 140 Shadow Lane , Lyman, South Carolina on May 30, 1997. The purchased was financed by personal savings obtained

from Julie Maybry Henderson's earnings as a computer programmer at IBM the proceeds from the sale of Julie Henderson's personal house in Raleigh and a purchase money mortgage from Wells Fargo. The Deed is recorded at Page 65Z, Page 311 of the Land Registry of Spartanburg County, South Carolina, and the mortgage is recorded at REM Book 2967, Page 307 of the Land Registry of Spartanburg County, South Carolina. Julie Maybry Henderson and Barron Sloan Henderson constructed their primary residence on this property.

b. Julie Maybry Henderson and Barron Sloan Henderson purchased Lot 75 of the Lettie Henson Estate, comprising a garage and land at 140 Shadow Lane, Lyman, South Carolina on February 21, 2002. The Deed is recorded at Page 75G, Page 470 of the Land Registry of Spartanburg County, South Carolina.

c. Julie Maybry Henderson and Barron Sloan Henderson purchased Unit 709, Brighton at Kingston Plantation, 8560 Queensway Boulevard, Myrtle Beach, South Carolina ("Kingston Plantation Property") on May 25, 2004. The purchased was financed by a purchase money mortgage from Wells Fargo. The Deed is recorded at Book 2739, Page 0293, of the Land Registry of Horry County, South Carolina, and the Mortgage is recorded at Book 3664, Page 387, of the Land Registry of Horry County, South Carolina.

d. Julie Maybry Henderson and Barron Sloan Henderson purchased 16.52 acres, more or less, on the East side of Pine Ridge Road, Duncan, South Carolina, ("Pine Ridge Road Property") on May 28, 2010. The purchased was financed by a second mortgage

from First Citizens on Lot 74. The Deed is recorded at Page 88U, Page 897, of the Land Registry of Spartanburg County, South Carolina, and the Mortgage on Lot 74 was recorded on June 12, 2007, at Book 3907, Page 590, of the Land Registry of Spartanburg County, South Carolina.

7. On March 3, 2010, by Court Order of Separate Maintenance and Support pursuant to adversarial litigation between Julie Maybry Henderson and Barron Sloan Henderson for legal separation in the Family Court of the Seventh Judicial Circuit of the State of South Carolina, the Court ordered all assets jointly held in the names of Julie Maybry Henderson and Barron Sloan Henderson to be conveyed to the Wife Julie Maybry Henderson subject to the claims of the United States Government under federal forfeiture law. All of Barron Sloan Henderson's remaining interest in the subject properties was transferred to Julie Maybry Henderson by deed in 2010 pursuant to property separation in their equitable division portion of the South Carolina Family Court Order. The parties subsequently came back before the South Carolina Family Court to officially dissolve their marriage, the final vestment as the South Carolina Family Court had entered a final order in 2010 to the other aspects of their marriage. The Final Divorce Decree was entered on June 11, 2014, by the Family Court of the Seventh Judicial Circuit of the State of South Carolina, wherein the Court found that the parties separated on August 27, 2008. The Court further found that the parties had not colluded to obtain the divorce.

8. The Defendant Barron Sloan Henderson has lived separate and apart from Petitioner

Julie Maybry Henderson since August 27, 2008. They only communicate regarding critical matters involving their children and have no other social, personal, or financial ties. Further, Barron Sloan Henderson is in arrears to Julie Henderson for back child support and alimony, which he has failed to pay despite a Family Court Order.

9. Petitioner Julie Maybry Henderson has been saddled with significant debts from her marriage to Defendant Barron Sloan Henderson. She does not have sufficient personal assets to satisfy these debts. These debts include the mortgages described in this Consent Order, a deficiency judgment in 211 Shadow Lane (which was previously foreclosed on), and credit card debt, much of which was incurred as a result of the arrest of Barron Henderson, and student loans. The funds received from the sale of the subject properties, as described herein, will be used to offset these obligations left to Julie Maybry Henderson by the Defendant.

10. Petitioner Julie Maybry Henderson does not have sufficient funds as a result of her employment to finance the upkeep and maintenance of the subject properties and their conditions has deteriorated. After consulting with several real estate professionals, Petitioner Julie Maybry Henderson believes that an auction will be the best method of sale to obtain the highest sum for 140 Shadow Lane Property (Lot 74/75) and Pine Ridge Road Property in their current condition (collectively "Auction Properties"). The real estate professional believe that there is no equity in the Kingston Plantation Property and believe it is in the best interest of all parties to transfer the Kingston Plantation Property to the mortgage holder Wells Fargo by a deed in lieu of

foreclosure.

11. By allowing the Auction Properties to be sold through an auction, the Government will receive funds directly from the sale of the properties, thereby saving the costs of further litigation, including litigation through a potential bankruptcy of the Petitioner, as well as the costs of seizure, management, protection, maintenance, and sale of these properties in an uncertain market.

12. Through the Divorce, the transfer of the Kingston Plantation Property and the sale of the Auction Properties Government will forever deprive Defendant Barron Sloan Henderson of any interest in these properties or any gain from his criminal activity.

13. All of the parties agree that the Court may impose a restriction making Defendant Barron Sloan Henderson and every other Defendant in this case ineligible to bid or purchase the Auction Properties through the auction ordered herein.

Pursuant to the facts, the parties have STIPULATED AND AGREED and the COURT FINDS AS FOLLOWS:

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that

Petitioners satisfy 21 U.S.C. § 853(n)(6)(B).

2. Petitioner Julie Henderson has further demonstrated that except as indicated herein, her interest in at least some interest in the Subject Property was vested in her rather than the Defendant at the time of the commission of the act which gave rise to the forfeiture of the Subject Property under 21 USC §853(n)(6)(A).

3. Petitioner Wells Fargo Home Mortgage, Inc., has further demonstrated that its mortgage interest represents the interest of a bona fide purchaser for value of the right, title, or interest in a portion of the subject property and that it was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under 21 USC §853(n)(6)(B).

4. The ends of justice support considering the interests of First Citizen's Bank and Trust Company in this Order even though they have not filed a Petition in this matter. First Citizens Bank is signing this consent order to indicate its approval of this order as a lien holder of the subject property. They are not a petitioner in this forfeiture.

5. Petitioner Julie Maybry Henderson agrees to provide with the consent of the United States, and Wells Fargo agrees to accept a deed in lieu of foreclosure on the Kingston Plantation Property. The United States agrees to waive its interest under the Sixth Preliminary Order of Forfeiture with respect to all interests in the Kingston Plantation Property.

6. The 140 Shadow Lane Property (Lots 74/75) and the Pine Ridge Road Property will be sold at auction by a licensed auctioneer at a time and place determined by Petitioner Julie

Maybry Henderson.

7. The United States and Petitioner Julie Henderson agree and acknowledge that the amount of thirty thousand dollars ($30,000) of the value of these properties would constitute property of the Defendant. Petitioner Julie Henderson consents to final forfeiture of substitute property under 21 USC §853(p)(2) in the amount of thirty thousand dollars ($30,000) of value in the 140 Shadow Lane property and the Pine Ridge Road Property to be paid to the Government in United States currency directly by the settlement agent upon sale through auction and the transfer of the 140 Shadow Lane property or the Pine Ridge Road Property.[2] The Government will look solely to the value of the subject property for the value of the forfeiture. Petitioner Julie Henderson is not personally obligated to the Government for the value of the forfeited property.

8. Upon auction of the properties described above, and upon payment of the amount of thirty thousand dollars ($30,000) in U.S. Currency, the United States agrees to waive its interest under the Sixth Preliminary with respect to all interests in the Subject Property. The United States will assist the Petitioners in undertaking actions necessary to provide clean, marketable title upon the sale of Subject Property.

9. Julie Mabry Henderson agrees to cause Thirty Thousand Dollars ($30,000) to be paid to the United States directly from the funds received at the closing of the auction sale of the

---

[2] The parties agree that from the sale of 140 Shadow Lane and the Pine Ridge Road Property, Wells Fargo will be paid $59,000 in full satisfaction of its claim on 140 Shadow Lane, First Citizens will be paid $239,000 in full satisfaction of its claim on 140 Shadow Lane, and the U.S. Government will be paid $30,000 in full satisfaction of its claim. The parties also agree that upon the release of the U.S. Government's claim on the Myrtle Beach property, Julie Henderson will convey her interest to Wells Fargo in full satisfaction of the outstanding mortgages.

real estate described herein. The closing attorney shall be instructed to issue a trust check payable to "United States Marshals Service" with this court case number, "1:07-CR-106, WDNC" in the memo line. This check shall be delivered to the following:

> United States Attorney
> c/o Deputy U.S. Marshal Oleg Mitnitski
> 227 W. Trade Street, Suite 1650
> Charlotte, NC 28202

10. The parties waive any rights to further litigate their interests in the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims by the Government in this action to the Subject Property, all claims by Petitioners in this action to the Subject Property, and all claims resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Property. Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

11. The Government agrees to release its *lis pendens* against the Subject Property upon payment as specified in paragraph 8.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of Julie Maybry Henderson (Dkt. 194), the Petition of Wells Fargo Home Mortgage, Inc., and the stipulations of the parties herein that Petitioners satisfy 21 U.S.C. § 853(n)(6)(A) and/or 21 U.S.C. § 853(n)(6)(B), the Subject Property is hereby removed from Sixth Preliminary Order of Forfeiture by Substitution of Property (Dkt. 193, 250).

2. Based upon the stipulations of the parties herein, that the Court shall issue a Final Order of Forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32(c)(2) in the amount of thirty thousand dollars ($30,000) of value in the 140 Shadow Lane property to be paid to the Government in United States currency directly by the settlement agent upon sale and transfer of the 140 Shadow Lane property or the Pine Ridge Road Property.

3. The Court shall retain jurisdiction to enforce this Order pursuant to Fed. R. Crim. P. 32.2(e).

4. Each party shall bear its own costs, including attorneys' fees.

Signed this _____ day of February, 2016

/s/
T. S. Ellis, III
United States District Judge

THOMAS SELBY ELLIS III
UNITED STATES DISTRICT JUDGE


ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____  Dated: July 29, 2016
Paul B. Taylor
Assistant United States Attorney
Chief, Civil Division

11

_____ Dated:_____
Petitioner Julie Maybry Henderson

_/s/ /w/_____ Dated: Aug 2, 2016
James W. Kilbourne, Jr., Esq.
Attorney for Petitioner Julie Maybry Henderson

_____ Dated: 1/11/17
Petitioner Julie Maybry Henderson

_____ Dated: _____
James W. Kilbourne, Jr., Esq.
Attorney for Petitioner Julie Maybry Henderson

12 A

_____  Dated: 1/31/2017
John P. Fetner, Esq.
Attorney for Petitioner Wells Fargo Home Mortgage, Inc.

13

_____ Dated: Sept 30, 2016
First Citizens Bank   Cheryl D. Dudley, Vice President

_____ Dated:_____

Attorney for First Citizens Bank

14